FORT Hood, P.J.
(dissenting). I respectfully dissent from the majority opinion. I agree with the majority’s determinations regarding the applicable law, but I disagree with the analysis. I would conclude that a question of fact exists with regard to whether defendant discriminated against plaintiff regarding the terms, *154 conditions, location, or privileges of his employment, and I would reverse and remand for further proceedings.
Concerning plaintiffs change from full-time union president to road patrol, I agree that plaintiff has not established a question of fact about whether the change constituted discrimination under MCL 15.362. Defendant’s emergency manager eliminated the position of full-time union president in April 2012, months before plaintiff initiated any public criticism of defendant. While acting as union president may have been a privilege of plaintiffs employment, there is no question that eliminating the position was not retaliatory given the timing of the events.
However, plaintiffs assignment to the night shift in Flint’s north end presents a closer question. Plaintiff, who had worked from 8:00 a.m. until 4:00 p.m. in his capacity as union president, was informed in writing that he was being assigned to road patrol. The letter stated that plaintiffs hours would be 8:00 a.m. to 4:00 p.m. However, plaintiff was actually assigned the night shift in the north end of Flint. Plaintiff asserts that the north end was “considered crime ridden and a much more dangerous area of assignment for police officers” and that the south end was “a more safe area” compared to the north end. Plaintiff indicated that he did not know of any other patrol officers that were assigned to work the north end (or any other area) exclusively. Plaintiff also alleged that he was told that he would not be allowed to work in the south end. In addition, plaintiff claimed that his assignment to night shift prevented him from conducting his union duties, which must be performed during daylight hours. According to plaintiff, his assignment to the night shift was deliberately designed to thwart *155 his union duties. In response, defendant claimed that plaintiffs concerns regarding his hours and shift were only his subjective complaints, and that plaintiff did not produce any objective evidence that his transfer affected the terms, conditions, location, or privileges of his employment.
I would hold that there is a question of fact regarding whether defendant’s conduct constitutes discrimination. I believe that the change in plaintiffs hours and location relates to the terms and location of his employment. In particular, plaintiff was informed in writing that his hours on road patrol would be 8:00 a.m. until 4:00 p.m., which was consistent with his former schedule. Plaintiffs work hours relate to a term of his employment. Moreover, accepting plaintiffs claims as true, it does appear as though he would be unable to perform his union duties during his shift, even if he was able to obtain a supervisor’s permission to do so, as required by Order 18. In addition, plaintiff was assigned to patrol the north end exclusively, which relates to the terms and location of his employment. Plaintiff alleged that this area was more dangerous than other areas of the city and that no other officers were assigned to that area exclusively. Viewing the complaint in a light most favorable to plaintiff, Maiden v Rozwood, 461 Mich 109,119; 597 NW2d 817 (1999), I believe that plaintiff has established a question of fact about whether defendant’s actions could be objectively and materially adverse to a reasonable person. Peña v Ingham Co Rd Comm, 255 Mich App 299, 312; 660 NW2d 351 (2003). Accordingly, I would hold that there is a question about whether defendant’s actions constituted discrimination under MCL 15.362 with regard to the terms and *156 location of defendant’s employment.[1]
For the reasons stated, I would reverse and remand to the trial court for further proceedings.

 I limit my dissent to the issue that our Supreme Court directed this Court to consider, and thus, do not address the majority’s discussion of whether plaintiff pleaded sufficient facts to establish a protected activity. Smith v City of Flint, 497 Mich 920 (2014).